WHIPPLE et al. *v.* D. G. HILL et al.

The *ordinary partnership creditors* of the owners of a steamboat have no right to be paid by preference to the individual creditors, out of the proceeds of the boat, whether these proceeds result from sales or have been received on policies of insurance.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*E. Woolridge,* for plaintiffs and appellants. *R. H. Marr* and *T. N. Pierce,* for defendants.

LAND, J. The plaintiff being the judgment creditor of the defendants, the owners of the steamboat Creole, for money loaned· for the use of the boat, and for wages due him as pilot, caused an execution to issue on his judgment, and garnisheed *Shaw & Zuntz,* under the Act of March 20th, 1839.

*Shaw & Zuntz* had effected an insurance on the Creole, for the owners, the defendants, for eight thousand dollars. The boat was soon after lost, and the proceeds of the policies of insurance were paid to *Shaw & Zuntz,* who applied a part of the same to the payment of a partnership debt due them by the owners of the boat, and another part, to wit, two thousand nine hundred and six dollars and ninety-two cents, they passed to the credit of *Hill's individual account,* and the remainder they paid over to the other owner, *Porter,* and his assignee, *David Wood,* or became bound to the latter so to do.

The plaintiff alleges that he is a *partnership creditor* of the owners of the boat, and that the money received on the policies of insurance by *Shaw & Zuntz,* was a partnership fund, on which he has a privilege, and entitled to be paid out of the same in preference to *Shaw & Zuntz,* the *individual creditors* of *Hill, one of the owners.*

The question is, therefore, presented whether the money received on the policies of insurance, was a *partnership asset,* or the *individual* property of the defendants, as part owners of the boat.

In the case of *Violett* v. *Fairchild,* the court say : " We adhere to the rule laid down in the case of *Byrne* v. *Harper,* 2 R. R. 229, that when owners of a steam· boat use it to carry persons and merchandise, *the use of the boat only is brought into the partnership,* unless there is an express stipulation to the contrary, and that as it may be enjoyed without being destroyed, the *ownership remains in the partners individually,* under Art. 2834 of the Civil Code, subject to the privileges which the law allows in such cases to the creditors of the partnership."

In considering the case of *Claiborne et al.* v. *Their Creditors,* relied on by the appellants in this case, the court said : The question whether the fund in hand

was a partnership fund or the joint property of the partners, was not raised in argument. It was not before the court ; and the casual observation of the court, that it was a partnership fund, did not decide the question.

The part owners of a ship or steamboat are tenants in common, and not partners, and each one can only sell his own share therein, and not the entirety of the ship or boat, as he could do *in cases of partnership.* Story on Partnership, § 419.

As the boat itself is not, therefore, partnership property, the *ordinary partnership creditors* of the owners, have no right to be paid by preference, to the individual creditors, out of the proceeds of the boat, whether these proceeds result from sales, or have been received on policies of insurance.

Creditors may acquire a privilege which will entitle them to be paid out of the proceeds of the boat, in preference to the individual creditors of the owners ; but when this privilege is extinguished, the *right to be paid by preference ends with it of course.*

In this case, the plaintiff has a personal judgment against the owners, which does not recognise a privilege on the boat, or the money in the hands of the garnishees, and is, therefore, *an ordinary creditor* of the partnership, and has no right to be paid by preference out of the proceeds of the boat, or the money in the hands of the garnishees, *which was the individual fund of the partners.*

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.

Re-hearing refused.